NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SIRPA GORMAN, | ) | |
| | ) | Supreme Court No. S-17300 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-18-05148 |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHAEL GORMAN, | ) | AND JUDGMENT[*] |
| | ) | |
| Appellee. | ) | No. 1737 – August 14, 2019 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Sirpa Gorman, pro se, Eagle River, Appellant. Notice of nonparticipation filed by Michael Gorman, pro se, Eagle River, Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I.    INTRODUCTION

A self-represented woman appeals the superior court's decisions in her divorce. She alleges the judge was biased against her, erred in its factual findings and property division, and abused its discretion regarding procedure, the amount of guidance it gave her, and custody determinations. The record does not reflect that the judge was biased or failed to provide her with sufficient guidance. The record also does not show that the court's factual findings or property division are clearly erroneous. And the

---

[*]    Entered under Alaska Appellate Rule 214.

record does not show that the court abused its discretion in its procedure, in the level of guidance it provided, or in its custody determination. We therefore affirm the superior court's decisions.

## II. FACTS AND PROCEEDINGS

Sirpa and Michael Gorman married in September 1989 and have two minor children. Sirpa filed for divorce in March 2018, following several years in which the couple discussed ending their marriage.

Michael answered and filed two unopposed motions that the court granted. The first one asked the court to treat this case as confidential, due to sensitive medical information that would be introduced. The second requested the parties sell the marital home and refinance a condo they owned in order to pay the costs of preparing the house for sale.

Michael also moved for interim shared physical and legal custody of the children. Sirpa opposed and indicated her intent to move from the marital home into the condo along with the children. They later reached an interim custody agreement for shared physical and legal custody, with a week-on, week-off schedule.

Trial began in September and continued over five days, ending in mid-November. Sirpa had moved to dismiss her attorney; the court granted the motion after the attorney appeared on the first day of trial and confirmed that he had provided Sirpa with a copy of the file and discovery materials. Sirpa represented herself at trial, while Michael was represented by counsel.

Throughout the course of trial, Sirpa filed "trial briefs." Although a number of them were initially rejected because she had not served Michael with a copy, all were eventually accepted and addressed by the court. Because some of her trial briefs were presented to the court at the start of the trial day, trial proceedings were delayed to allow her to properly file them.

Sirpa also raised new issues about child custody during trial. On the second and fourth days of trial, Sirpa moved for emergency modification of the court's interim order, leading to hours of testimony on custody issues.

Throughout the trial Michael's attorney objected to Sirpa's presentation of evidence, frequently making hearsay and speculation objections. Although the court sustained most of the objections, it also advised Sirpa on how to conform to the rules.

At the end of trial on November 16 the court issued its oral findings, granting a decree of divorce and dividing the marital estate equally between Sirpa and Michael. To achieve its equal distribution of marital assets, the court required Sirpa to make an equalization payment of $85,207 to Michael. The court also ordered that the parents share physical custody of the children, but awarded Michael sole legal custody.

Sirpa appeals, arguing that the court violated procedure, that the judge was biased against her and conspired against her with Michael and his attorney by holding ex parte meetings with them, that the court improperly weighed evidence, that it erred in both its property valuation and division, erred in its child custody decisions, and that it failed to provide her with sufficient guidance as a self-represented party.

## III.   STANDARD OF REVIEW

We review "de novo the question of whether a judge appears biased, which is assessed under an objective standard."[1]

"We review for abuse of discretion 'decisions about guidance to a pro se litigant.' "[2] Self-represented litigants are held to a "less stringent" standard than lawyers; the self-represented litigant's argument will be considered if it can be easily discerned

---

[1]   *Downs v. Downs*, 440 P.3d 294, 297 (Alaska 2019) (quoting *Mengisteab v. Oates*, 425 P.3d 80, 85 (Alaska 2018)).

[2]   *Greenway v. Heathcott*, 294 P.3d 1056, 1062 (Alaska 2013) (quoting *Shooshanian v. Dire*, 237 P.3d 618, 622 (Alaska 2010)).

from the briefing and its consideration would not prejudice the opposing party.[3]

Trial courts have broad discretion in property division and custody determinations.[4] "We will set aside the superior court's custody determination only if the court abused its discretion or if its findings of fact are clearly erroneous."[5] "The valuation of available property is a factual determination that should be reversed only if clearly erroneous."[6] The trial court's factual findings receive particular deference when based on oral testimony.[7]

## IV.    DISCUSSION

We affirm the superior court on those issues that are properly before us. Sirpa waived a number of the issues[8] she asks us to review because she did not discuss them in her brief at all after listing them in her Statement of Issues Presented for Review.[9] We will not review those issues.[10]

---

[3]    *Adkins v. Stansel*, 204 P.3d 1031, 1033 (Alaska 2009).

[4]    *Downs*, 440 P.3d at 297; *Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005).

[5]    *Ebertz*, 113 P.3d at 646; *see Downs*, 440 P.3d at 297.

[6]    *Stevens v. Stevens*, 265 P.3d 279, 284 (Alaska 2011).

[7]    *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (quoting *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011)).

[8]    Sirpa lists 27 issues in her Statement of Issues Presented for Review.

[9]    These include issues 6, 12, and 20, concerning orders to sell the condo, the award of retirement benefits to Michael, and allegations that the court mocked her children.

[10]    *Gilbert v. Sperbeck*, 126 P.3d 1057, 1062 (Alaska 2005) ("[E]ven when a [self-represented] litigant is involved, an argument is considered waived when the party

(continued...)

Sirpa has mischaracterized two other issues: the court's refusal to accept tax returns as proof of income and whether it threatened to treat her as a vexatious litigant. Contrary to her assertions, the court accepted the tax returns and specifically stated that it was not considering her to be a vexatious litigant. These two issues therefore lack merit.

Turning to the issues presented for our review, we first address her claim that the court did not follow proper procedure. Her claim seems to consist of several parts: whether the court erred by refusing to accept her trial briefs, refusing to provide trial transcripts, and requiring her attorney to appear at the beginning of trial despite her letter firing him. We review the court's decision on each of these issues for abuse of discretion and find none.

The superior court accepted each of Sirpa's trial briefs; there is no basis for this claim. And nothing in the rules of civil procedure or administrative rules governing court proceedings requires, or even allows, the court to prepare transcripts for parties during trial.[11] This claim, too, is without basis.

The court required Sirpa's attorney to appear at the start of trial to confirm that he had provided her with all of the material necessary for her to proceed to trial. The court did not abuse its discretion by taking this action to protect Sirpa's rights.

---

[10]     (...continued)
cites no authority and fails to provide a legal theory for his or her argument." (quoting *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004)) (internal quotation marks omitted)); *see also Petersen v. Mut. Life Ins. Co. of N.Y.*, 803 P.2d 406, 410 (Alaska 1990) ("Where a point is not given more than a cursory statement in the argument portion of a brief, the point will not be considered on appeal.").

[11]     *See* Alaska R. App. P. 210(b) (detailing parties' requirements in preparation of transcript).

Sirpa next argues that the judge should have recused himself because he was biased against her and had ex parte communications with Michael and his attorney. We have held that we may review de novo such claims raised for the first time on appeal.[12]

Sirpa points to examples of comments made during trial by the court as proof of bias. She alleges that the judge told her to stop talking, commented on her lack of legal knowledge, and excessively questioned her on issues unrelated to the case. She also claims that the judge showed bias when he did not admit some of her exhibits, when he expressed concern regarding her mental health, and when he commented on her behavior's potential impact on her business's success. The court did comment on her behavior and appeared at times to be frustrated with her performance during trial. Its oral findings referred to the "very, very, very odd way that she interacts with everybody in this court." And it prefaced at least one such comment with, "I don't mean to be harsh, but rather just candid." But all of the court's statements were based upon evidence that was presented during the trial, and in order to prevail on a claim of judicial bias Sirpa must show that the judge based his opinion on extrajudicial sources or made comments that were clearly inappropriate.[13] "No bias is shown if a judge derives an opinion based on the record, and the opinion is supported by the record."[14] None of the

---

[12] *Downs v. Downs*, 440 P.3d 294, 297 (Alaska 2019) (quoting *Mengisteab v. Oates*, 425 P.3d 80, 85 (Alaska 2018)).

[13] *See Williams v. Williams*, 252 P.3d 998, 1010 (Alaska 2011) (finding no judicial bias when no evidence that judge "behaved improperly" or made rulings unsupported by record); *Amy S. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 440 P.3d 273, 282 n.31 (Alaska 2019).

[14] *Ronny M. v. Nanette H.*, 303 P.3d 392, 409 (Alaska 2013) (citing *Williams*
(continued...)

court's comments were based on information learned outside the proceedings in this case. The court relied only on the evidence presented to it to form its opinion; no recusal was required.[15] And the court's comments, although unflattering, did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible."[16]

Similarly we find no disqualifying conduct in the ex parte contacts to which Sirpa objects. To the extent she alleges that the court sided with Michael because he is an attorney, she paints with too broad a brush. It is only if "the judge has a personal bias or prejudice concerning a party or a party's lawyer" that the judge must disqualify herself or himself.[17] And the rules specifically allow for ex parte administrative or scheduling communications;[18] the contacts to which Sirpa objects addressed Michael's need for frequent breaks in the proceedings due to his medical condition. Such considerations are precisely the type allowed by the rule.

Sirpa next argues that court erred when it admitted exhibits that Michael offered, while not accepting hers. But she never moved to admit many of her exhibits; when she did, the court guided her through the proper steps to accomplish their

---

[14]     (...continued)
*v. Williams*, 252 P.3d 998, 1010 (Alaska 2011)).

[15]     Although we find no indication of bias, we nevertheless remind trial courts of the need "to avoid behavior that may be perceived as an expression of prejudice." Commentary to Alaska Code Jud. Conduct Canon 3(B)(5).

[16]     *Amy S.*, 440 P.3d at 282 n.31 (quoting *Hanson v. Hanson*, 36 P.3d 1181, 1184 (Alaska 2001)).

[17]     Alaska Code Jud. Conduct Canon 3(E)(1)(a).

[18]     Alaska Code Jud. Conduct Canon 3(7)(b) ("[A] judge may engage in ex parte communications for scheduling or other administrative purposes.").

admission. The court did not err in not admitting exhibits Sirpa did not try to admit.

Sirpa also challenges the court's factual findings, arguing that it erroneously gave Michael's evidence and testimony more credit than hers. But the court's findings "enjoy particular deference when they are based primarily on oral testimony, because the trial court, not this court, judges the credibility of witnesses and weighs conflicting evidence."[19] The trial court did give Michael's testimony more weight than Sirpa's, but it explained clearly why it did so. And it further explained its credibility findings in its oral decision. The court did not err in its factual findings.

Sirpa argues that the court improperly valued marital assets and divided the marital estate and, in particular, that its requirement that she pay Michael $85,207 to equalize their shares was error. She specifically challenges the value the court found for their condo and for Michael's life insurance policy. But because the court valued the condo at the amount both parties agreed upon in a text message before trial, and because it explained clearly why it had selected that amount, it did not clearly err.

The court also explained why it accepted Michael's evaluation of the life insurance policy's value over Sirpa's, based upon their respective testimony and the limited evidence relating to it. It did not clearly err in its evaluation of the policy.

Sirpa's argument that the court erred by requiring her to make an equalization payment to Michael depends upon her challenges to the values the court gave to the condo and life insurance policy. Because we reject those challenges, we affirm the superior court's equalization payment.

Lastly, Sirpa challenges the trial court's child custody award. While the precise basis of her challenge is not readily apparent, she appears to argue both that the

---

[19] *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (quoting *Sheffield v. Sheffield*, 265 P.3d 332, 335 (Alaska 2011) (internal quotation marks omitted)).

court did not provide her with sufficient guidance as a self-represented party, and that its factual findings were erroneous.

Sirpa alleges that the court mistreated her rather than providing her with the assistance required for self-represented parties. But the record does not support her claim. The record demonstrates that the court both afforded her "considerable leeway"[20] in following procedural requirements and properly assisted her in serving her trial briefs on Michael, admitting exhibits, and understanding what was impermissible hearsay and what evidence was permissible.

Finally Sirpa argues that we should reverse the court's custody decision. She does not challenge any of the court's legal analysis: the court explicitly considered each of the statutory best interests findings in detail. But Sirpa argues that the court did not consider important facts and did not properly weigh those facts it did consider. She argues that the court failed to take into consideration one child's specific dietary needs as well as reports from the Office of Children's Services (OCS) about the family. But the court did consider the child's dietary needs and it noted that OCS had not substantiated any concerns about the family. The trial court is granted broad discretion in child custody matters.[21] The superior court based its determination on the evidence presented, and carefully explained why it reached its decision. It did not abuse its discretion, and we affirm the child custody order.

## V.    CONCLUSION

We AFFIRM the superior court's divorce order and its property and custody decisions.

---

[20]    *Greenway v. Heathcott*, 294 P.3d 1056, 1071 (Alaska 2013).

[21]    *Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005).